**Jeffery R. WOOD, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 05–3883–CV.**

United States Court of Appeals, Second Circuit.

April 4, 2006.

Jeffery R. Wood, Waterford, New York, for Plaintiff–Appellant, pro se.

Diane J. Cagino, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York; Paula Ryan Conan, Assistant United States Attorney, on the brief), Albany, New York, for Defendant–Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, and Hon. DAVID G. TRAGER,* District Judge.

## SUMMARY ORDER

UPON SUBMISSION AND DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff–Appellant Jeffery Wood, *pro se,* appeals from the May 20, 2005 judgment of the District Court granting the government's motion for summary judgment and dismissing his complaint. We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

Because the federal government's potential immunity from suit affects our jurisdiction, we ordinarily would be required to assess whether Congress has waived sovereign immunity before proceeding to the merits of the case. *See, e.g., Caban v. United States,* 671 F.2d 1230, 1235 n. 5 (2d Cir.1982). However, since the two potential jurisdictional hurdles presented are statutory rather than constitutional, *see* 28 U.S.C. § 2680(a); 8 U.S.C. § 1252(a)(2)(B)(ii), we assume hypothetical jurisdiction, *see Fama v. Commissioner of Corr. Servs.,* 235 F.3d 804, 817 n. 11 (2d Cir.2000), and address the merits of Wood's appeal.

Wood, a former immigration detainee, claims that since he was transferred from California to Arizona after his bond had been set, and since his paperwork arrived the next day instead of contemporaneously with his body, the government was negligent in administering his detention. But for that negligence, he claims, he would have been detained for only one night rather than eight days. However, the record establishes that Wood either was unable or declined to post bond on the day of his arrest, necessitating a detention of some duration, and the Attorney General, in the exercise of his statutory discretion in light of the available facilities, determined to hold Wood in an Arizona detention center. The Attorney General was not required to detain Wood in a particular state, *see* 8 U.S.C. § 1231(g); *cf. Gandarillas–Zambrana v. BIA,* 44 F.3d 1251, 1256 (4th Cir.1995); *Rios–Berrios v. INS,* 776 F.2d 859, 863 (9th Cir.1985), and thus owed him no tort duty in that regard. Accordingly, assuming we have jurisdiction, we conclude that the government did not act negligently in detaining Wood in Arizona.

Wood also claims that the District Court granted summary judgment prematurely because discovery was incomplete. Although summary judgment is inappropriate when the nonmoving party has not received an adequate opportunity to conduct discovery, *see Salahuddin v. Coughlin,* 993 F.2d 306, 308 (2d Cir.1993), Wood, who was counseled before the District Court, had ample opportunity to discover facts relevant to his claims. Indeed, he received what he characterizes as the key piece of evidence almost six months before the District Court granted summary judgment. In addition, he has failed to set forth specifically what further evidence he seeks, how it is relevant to his claims, what efforts he has made to obtain it, and whether he even requested such discovery at the District Court. *See* Fed.R.Civ.P. 56(f); *Belfiore v. New York Times Co.,* 826 F.2d 177, 184 (2d Cir.1987); *accord Miller*

---

* The Honorable David G. Trager, United States District Judge, Eastern District of New York, sitting by designation.

*v. Wolpoff & Abramson L.L.P.*, 321 F.3d 292, 303 (2d Cir.2003).

We have considered all of Wood's remaining arguments and conclude that they are without merit. The judgment of the District Court is AFFIRMED.